UNITED STATES of America, Plaintiff,

v.

**Gus ALEX, et al., Defendants.**

No. 91 CR 727.

United States District Court,
N.D. Illinois, E.D.

April 24, 1992.

Chris C. Gair, Mark J. Vogel, U.S. Attys. Office, Chicago, Ill., for plaintiff.

Martin S. Agran, Agran & Agran, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for G. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Kenneth H. Hanson, Chicago, Ill., for N. Gio.

ORDER

ALESIA, District Judge.

On April 10, 1992, the Government's motion for an order directing defendant Gus Alex to submit to physical, neurological and psychological evaluations was granted pursuant to 18 U.S.C. § 4241(a). The Government's motion was filed after one of Alex's attorneys, Carl M. Walsh, raised the issue of Alex's competency to stand trial.

Alex has submitted under seal the reports of Dr. Jack Arbit, a clinical psychologist in private practice, and Dr. Jacob H. Fox, a neurologist at Rush Alzheimer's Disease Center, a division of Rush–Presbyterian–St. Luke's Medical Center. The Government has submitted reports under seal from Dr. Howard D. Simon, a neurologist in private practice with Rovner and Simon, who is an Assistant Professor of Clinical Neurology at Northwestern University Medical School, and from Dr. Steven Rothke, a clinical psychologist at the Rehabilitation Institute of Chicago, who is a Professor of Clinical Psychiatry and Behavioral Sciences at Northwestern Medical School.

The Court has carefully reviewed *in camera* the neurological and psychological reports that were done at the behest of both Alex and the Government. Based upon its review of these reports, the Court finds that Alex is not presently suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 788, 4 L.Ed.2d 824 (1960) (per curiam); *United States v. Teague*, 956 F.2d 1427, 1431–1432 (7th Cir.1992); *United States v. Garrett*, 903 F.2d 1105, 1116 (7th Cir.1990), *cert. denied,* — U.S.

——, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990). The Court finds that Alex is mentally competent, within the meaning of 18 U.S.C. §§ 4241, 4247, to stand trial in this case.

 A district court is required to order a competency hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense. 18 U.S.C. § 4241(a); *Chichakly v. United States*, 926 F.2d 624, 633 (7th Cir.1991). Based on the neurological and psychological submissions presented by the parties, the Court finds that there is no reasonable cause to believe that Alex is incompetent and that an evidentiary hearing on defendant Alex's competency is unnecessary. The hearing on competency originally set for April 27, 1992 and re-set to April 29, 1992 is stricken.

SO ORDERED.